**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George M. Lopez; William Lee Plummer; Ralph C. Galindo; and a class of others similarly situated, | No. CV 08-1843-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Arizona Public Service Company, an Arizona corporation, | |
| Defendant. | |

Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement and Dismiss Lawsuit with Prejudice (Doc. # 36). The Court grants the parties' motion.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties request this Court to enter an Order that specifically approves the parties' Settlement Agreement.

In *Lynn's*, the Eleventh Circuit held:

There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by Employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.

1      The only other route for compromise of FLSA claims is provided in the
2  context of suits brought directly by employees against their employer under
   section 216(b) to recover back wages for FLSA violations. When employees
3  bring a private action for back wages under the FLSA, and present to the
   district court a proposed settlement, the district court may enter a stipulated
4  judgment after scrutinizing the settlement for fairness.

5  *Lynn's*, 679 F.2d at 1352-53.

6      Normally, the Court does not rule on a private settlement negotiated between parties.

7  However, because Plaintiffs filed a FLSA action against Defendant, the parties must seek

8  approval of their stipulated settlement in order to ensure the enforceability of the Settlement

9  Agreement. *Id*. *See also In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation*,

10  2009 WL 3253947, *2 (D. Ariz. 2009); *Thornton v. Solutionone Cleaning Concepts, Inc.*,

11  2007 WL 210586, *3 (E.D. Cal. 2007). The Court may approve the settlement if it reflects

12  a "reasonable compromise over issues." *Lynn's*, 679 F.2d at 1354.

13      The Court has reviewed the proposed Settlement Agreement and finds that it does in

14  fact reflect a fair and reasonable resolution of the issues. Defendant strongly contested

15  liability under the FLSA, claiming that Plaintiffs were paid for the time spent donning and

16  doffing, clearing security screens, and attending meetings. Further, even if the Plaintiffs

17  could have proven liability, they would have faced difficultly establishing that each Plaintiff

18  worked more than 40 hours per week. Finally, the proposed distribution to each Plaintiff is

19  fair and equitable because the distribution directly relates to each Plaintiff's length of

20  employment with Defendant and the amount of hours each Plaintiff worked for APS.

21      Accordingly,

22      **IT IS ORDERED** that the parties' Joint Motion to Approve Settlement Agreement

23  and Dismiss Lawsuit with Prejudice (Doc. # 36) is granted. The Court finds that the

24  Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over wages

25  owed pursuant to the Fair Labor Standards Act and therefore approves the settlement. Each

26  opt-in Plaintiff who is qualified to participate in the settlement under the Settlement

27

28

1  Agreement and who files a Consent Form on or before February 26, 2010, shall be covered

2  by this Order approving the settlement.

3       **IT IS FINALLY ORDERED** that the Court will retain jurisdiction over the

4  parties to enforce the Settlement Agreement

5       DATED this 26th day of January, 2010.

6

7

8                           James A. Teilborg
9                       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28